United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 13, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-31259
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JENEALIOUS T. JOHNSON,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-50049
---------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Jenealious T. Johnson appeals his conditional guilty-plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He argues that the district court erred in denying his motion to suppress evidence seized by state probation and parole officers on the day of his arrest, because the search by the officers violated his federal and state constitutional rights.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After Johnson allowed the probation officers into his residence, one of the officers observed a small baggie commonly used to package illegal narcotics. When the officer asked Johnson if he would test positive for illegal drugs that day, he said he would. Accordingly, Johnson conceded to the officers that he had violated a condition of his probation and, based on that statement and the empty baggie in the living room, the officers had reasonable suspicion that drugs or drug paraphernalia would be found in the residence. See LA. CODE. CRIM. PRO. art. 895; United States v. Keith, 375 F.3d 346, 349-50 (5th Cir.), cert. denied, 125 S. Ct. 367 (2004). The search of Johnson's residence did not violate the Fourth Amendment. See Keith, 375 F.3d at 349-50. Further, assuming that the evidence seized on the day of Johnson's arrest was seized from his brother's bedroom and assuming, as Johnson asserts, that his brother's room was inaccessible to him, Johnson has no standing to bring a Fourth Amendment challenge to the search of his brother's room. See United States v. Wilson, 36 F.3d 1298, 1302 (5th Cir. 1994); see also United States v. Phillips, 382 F.3d 489, 496-97 (5th Cir. 2004).

Finally, although Johnson argues that the search violated his state constitutional rights, the reasonableness of the search under the Fourth Amendment is not dependent upon state law. United States v. Eastland, 989 F.2d 760, 766 (5th Cir. 1993); see also United States v. Walker, 960 F.2d 409, 415 (5th Cir. 1992). Accordingly, Johnson's conviction is AFFIRMED.